Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH SERVICES, INC., a Maryland Corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TOUCH SUNGLASSES CORP., a California Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | CASE NO. CV 09-8584 DMG (RCx)<br><br>**[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br>**[18] JS-6** |

WHEREAS Plaintiff Coach Services, Inc. ("Coach") and Defendant Touch Sunglasses Corp. ("Defendant") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components that include, but are not limited to, the following marks at issue in this action (collectively "Coach Marks"):


Signature "C" Logo


Coach Op Art Mark

3. Many of Coach's products exhibit composites of the Signature "C" logo in an assortment of different sizes, patterns, and colors ("CC Design"), to which Coach owns the copyright registration (U.S. Reg. No. VA0001228917). Coach introduced the Op Art Mark in 2008. Similar to the CC Design, Coach's products exhibit composites of the Op Art Mark in an assortment of different sizes, patterns, and colors ("Op Art Design"). The Coach Marks, Coach copyright (U.S. Reg. No. VA0001228917), CC Design, and Op Art Design will hereinafter be referred to collectively as the "Coach Properties."

4. Plaintiffs have alleged that Defendant's purchase and sale of products which infringe upon one or more of the Coach Properties constitutes trademark infringement, copyright infringement, and unfair competition under the Copyright Act, 17 U.S.C. § 501, et seq., the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

5. Defendant and its agents, servants, employees and all persons in active concert and participation with its who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Properties, either directly or contributorily, in any manner, including but not limited to:

    (a) Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Properties;

    (b) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

    (c) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as genuine Coach merchandise;

    (d) Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Properties;

    (e) Committing any other acts calculated to cause purchasers to believe that Defendant's products are Coach's genuine merchandise unless they are such;

    (f) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Properties, or any reproduction, counterfeit, copy or colorable imitation thereof; and

    (g) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(f) above.

1      6.    Without any admission of liability, the parties have agreed that Defendant shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendant's alleged infringing activities. Plaintiff and Defendant shall bear their own costs associated with this action.

      7.    The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

      8.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: March 29, 2010

                          Hon. Dolly M. Gee
                          **United States District Judge**